1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                        )
9   CHANGQING SUN and YAN ZHAO,       )        No. C07-0083RSL
                                                        )
10                              Plaintiffs,      )        ORDER DISMISSING
           v.                                      )        CASE AS MOOT
11                                                   )
     ROBERT S. MUELLER, *et al.*,           )
12                                                   )
                                Defendants.    )
13  _____)

14
15       This matter comes before the Court on "Defendants' Response to Court's Request for

16  Particularized Information" (Dkt. #17).  On September 18, 2007, the Court deferred plaintiffs'

     motion for summary judgment and denied defendants' motion to dismiss.  See Dkt. #16.  As part
17
     of this order, the Court requested that defendants "provide the Court with particularized
18
     information that explains the over two-and-a-half year delay as to plaintiff Sun's name check."
19
     Id. at 9.  In response, defendants request that the Court dismiss this action as moot because "[o]n
20
     October 18, 2007, USCIS fully and favorably adjudicated both Plaintiff Sun's and Plaintiff
21
     Zhao's adjustment of status applications."  See Dkt. #17 at 2, Ex. A (I-797 Notices of Action).
22
          Mootness is a defect in subject matter jurisdiction because federal courts are empowered
23
     only to hear cases and controversies.  See U.S. Const. Art. III, § 2; DeFunis v. Odegaard, 416
24
     U.S. 312, 316 (1974); Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983).  "A case
25
     becomes moot whenever it loses its character as a present, live controversy of the kind that must
26

ORDER DISMISSING CASE
AS MOOT

1  exist if we are to avoid advisory opinions on abstract propositions of law." Cantrell v. City of
2  Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) (internal quotations and citation omitted).  An
3  action is moot, and therefore no case or controversy is present, if after initiation of the action the
4  aggrieved party receives the relief sought in the complaint.  See DeFunis, 416 at 317.

5         Under Fed. R. Civ. P. 12(h)(3), "Whenever it appears by suggestion of the parties or
6  otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the
7  action."  Here, the notices of action from USCIS show that plaintiffs have been granted the
8  relief requested in their complaint.  See Dkt. #1 (Complaint).  Accordingly, the issues presented
9  to this Court are no longer "live" and the Court DISMISSES plaintiffs' complaint as MOOT.
10 See Murphy v. Hunt, 455 U.S. 478, 481 (1982) ("In general a case becomes moot when the
11 issues presented are no longer 'live' or the parties lack a legal cognizable interest in the
12 outcome.") (internal quotation omitted).

13        DATED this 2nd day of November, 2007.

14

15

16                                       _MuS Lasnik_

17                                       Robert S. Lasnik
18                                       United States District Judge

19

20

21

22

23

24

25

26

ORDER DISMISSING CASE
AS MOOT                           -2-